HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HASHED NAJI MOHAMED MOUSA, et al.<br><br>Plaintiffs,<br>v.<br><br>JOHN F KERRY, et al.<br><br>Defendants. | CASE NO. C17-5038-RBL<br><br>ORDER<br><br>DKT. #12, 13 |

THIS MATTER is before the Court on the Government's Motion to Dismiss Plaintiffs' Complaint as Moot [Dkt. #12] and Plaintiffs' Motion to Amend their Complaint [Dkt. #13]. Hashed Naji Mohamed Mousa and three of his minor children, A.H.N.M., A.H.N.M., and S.H.N.M., all U.S. citizens, allege the National Passport Processing Center is willfully and unlawfully withholding or delaying the children's passport applications, which they submitted in August 2016. They seek a writ of mandamus directing the Government to issue their passports and a declaratory judgment concluding the Government is denying them their constitutionally-protected liberty interest in travel without due process of law.

ORDER - 1

## I. DISCUSSION

The Government issued A.H.N.M., A.H.N.M., and S.H.N.M. passports on May 5, 2017, and they were delivered on May 11. It resultantly asks the Court to dismiss Plaintiffs' claims as moot. Plaintiffs argue their claim for declaratory relief remains, because they need an assurance they will not face an unconstitutional delay each time they apply for a passport. They remind the Court that two other Mousa siblings, who applied for passports in 2012, did not receive them until 2013, when they filed a lawsuit against the Government.

The Plaintiffs move to amend their complaint to add an allegation that the Government is refusing to renew Hashed Mousa's passport, in violation of his Fifth Amendment rights. He applied to renew his passport on December 5, 2016, but has yet to receive a new one. The Government does not oppose Plaintiffs' motion.

### A. Motion to Dismiss as Moot.

The Government asks the Court to dismiss Plaintiffs' claims against it as moot because they have received their passports. Plaintiffs argue the Government should not be able to moot their claims by issuing passports to them only after they have filed suit. They argue their family has twice faced this problem, evidencing it is capable of repetition and evading review.

Federal courts lack subject matter jurisdiction to consider moot claims. *See Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172 (9th Cir. 2009). "A claim is moot if it has lost its character as a present, live controversy." *Id.* at 1172–73 (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). The mootness doctrine ensures federal courts are presented with disputes that they can actually resolve by affording meaningful relief to the prevailing party. *See PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). If a plaintiff receives the entire relief sought in a particular action, the case

generally becomes moot because there is no longer a dispute between the parties. *Id.*; *see generally Gator.com v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131–32 (9th Cir. 2005).

Courts have long recognized a "voluntary cessation" exception to the doctrine, however, under which the "mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the allegedly wrongful behavior could not reasonably be expected to recur." *Rosemere*, 581 F.3d at 1173 (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000)). This exception "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1115 (10th Cir. 2010) (referencing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1, 121 S.Ct. 743, 148 L.Ed.2d 757 (2001)). Without it, "the courts would be compelled to leave [t]he defendant ... free to return to his old ways." *Porter v. Bowen*, 496 F.3d 1009, 1017 (9th Cir. 2007) (quotations omitted). The standard for determining whether a defendant's voluntary conduct has mooted a claim is stringent: A defendant asserting mootness bears the "heavy burden" of demonstrating that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Laidlaw*, 528 U.S. at 189, 120 S. Ct. 693.

Although the Mousa family has twice faced opposition when applying for passports, A.H.N.M., A.H.N.M., and S.H.N.M. have not. This is their first experience with an allegedly unlawful delay, and they do not claim the Defendants have previously violated their liberty interest in travel in any other way. Because there is no pattern of the Defendants unlawfully delaying these children's applications, and because they now have passports reconfirming their citizenship, there is no reason to suspect the Government will interfere with their right to travel

in the future. If the Government does regrettably improperly delay processing or withholding A.H.N.M.'s, A.H.N.M.'s, and S.H.N.M.'s applications for renewal, when they come due, the Court can review the Government's acts at that time. With their passports in hand and no reasonable expectation the Government will delay processing their potential renewal requests, Plaintiffs have received all of the meaningful relief the Court can afford them. A live controversy no longer exists, and Defendants' Motion to Dismiss Plaintiffs' Complaint as Moot [Dkt. #12] is GRANTED.

**B.    Motion to Amend.**

Hashed Mousa applied to renew his passport on December 5, 2016. His application remains "pending." He asks the Court for leave to add his own claim that the Government is unlawfully delaying issuing his passport. The Government does not oppose his motion. Trial courts should freely grant leave to amend "when justice so requires," Fed. R. Civ. Pro. 15(a)(2), as is the case here. Plaintiffs' Motion to Amend their Complaint [Dkt. #13] is accordingly GRANTED.

## II.    CONCLUSION

A.H.N.M., A.H.N.M., and S.H.N.M. received their passports. A live controversy between the Plaintiffs and the Government on their claims no longer exists. The Defendants' Motion to Dismiss [Dkt. #12] Plaintiffs' claims against them is GRANTED.

//

//

//

//

//

Plaintiffs' Motion for Leave to Amend their Complaint to add Hashed Mousa's claims against the Government is GRANTED.

IT IS SO ORDERED.

Dated this 26th day of June, 2017.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge